CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 28, 2026**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br>DEREK ALLAN CLEMENT,<br>DEBTOR<br><br>FREEDOM MORTGAGE CORPORATION<br>MOVANT,<br><br>vs.<br>DEREK ALLAN CLEMENT, DEBTOR<br>BEHROOZ P. VIDA, TRUSTEE<br>RESPONDENTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CHAPTER 7<br><br>CASE NO. 26-43992-MXM7 |

**<u>ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**
**<u>FILED BY FREEDOM MORTGAGE CORPORATION</u>**

On October 6, 2026, a Motion for Relief from the Automatic Stay ("Motion") was filed by Freedom Mortgage Corporation (the "Movant") in the above-referenced case. The Court finds that the Motion with regard to 2209 Gill Star Drive, Fort Worth, TX 76052 was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure and that it contained the

appropriate fourteen (14) day negative notice language, pursuant to LBR 4001, which directed any party opposed to the granting of the relief sought by the Motion to file a written response within fourteen days or the Motion would be deemed by the Court to be unopposed. The Court finds that no objection or other written response to the Motion has been timely filed by an party. Due to the failure of any party to file a timely written response, the allegations contained in the Motion stand unopposed and, therefore, the Court finds that good cause exists for the entry of the following order:

IT IS HEREBY ORDERED that the 11 USC §362(a) automatic is lifted as to Movant herein, its successors and assigns, regarding the real property commonly known 2209 Gill Star Drive, Fort Worth, TX 76052.

IT IS FURTHER ORDERED that Movant, its successors and assigns, may assert its rights, including, but not limited to, the institution and completion of foreclosure proceedings, the collection of reasonable fees, and may assert any and all of its respective rights and remedies under applicable law, as to its collateral.

IT IS FURTHER ORDERED that upon the completion of any foreclosure sale, any funds in excess of the amount due to Movant under its Note and Security Deed, and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law, shall be paid to the Trustee for the benefit of the Estate.

IT IS FURTHER ORDERED that Movant, at its option, is permitted to contact the Debtor via telephone or written correspondence regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements.

IT IS FURTHER ORDERED that the Motion was unopposed by any party, the fourteen (14) day stay period otherwise imposed by Fed. R. Bankr. P. 4001(a)(4) shall not be applicable to this Order.

# # # END OF ORDER # # #

Prepared and submitted by:

Toni Townsend, Texas BAR NO. 24106812
Attorney for Movant
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(312) 346-9088 X5174
(312) 346-6146
Toni.Townsend@mccalla.com